NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOBBY LEE MARSHALL,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,[*]
Acting Commissioner of Social Security,

Defendant - Appellee.

No. 23-3958

D.C. No.
2:22-cv-09376-BFM

MEMORANDUM[**]

Appeal from the United States District Court
for the Central District of California
Brianna Fuller Mircheff, Magistrate Judge, Presiding

Argued and Submitted December 4, 2024
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Bobby L. Marshall appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order

---

[*]     Carolyn W. Colvin is substituted as Acting Commissioner of the
Social Security Administration pursuant to Fed. R. App. P. 43(c).

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*de novo* and only reverse a decision to deny benefits when that decision reflects legal error or lacks support from substantial evidence in the record. *Revels v. Berryhill*, 874 F.3d 648, 653-54 (9th Cir. 2017) (citations omitted). Substantial evidence requires only such evidence "as a reasonable mind might accept as adequate." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). We affirm.

Because the parties are familiar with the facts and procedural history of this case, we refer only to those facts necessary to decide this appeal.

1.     Under step two of the five-step disability analysis framework, a claimant must demonstrate a severe impairment or combination of impairments which "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The claimant bears the burden of demonstrating the existence of a severe impairment through relevant evidence. *See id.* § 404.1512(a). A medical diagnosis alone cannot be the basis for finding a medically determinable impairment. *See id.* §§ 404.1521, 404.1529. The claimant must also submit medically objective evidence of symptoms or treatment. *See id.* § 404.1521. The administrative law judge ("ALJ") found that Marshall's claim failed at step two because Marshall submitted only evidence of a diagnosis and did not provide any medically objective evidence of symptoms or treatment during the relevant period from December 31, 1997 to June 30, 1998. The district court

affirmed.

2.     Marshall contends that the ALJ erred by holding that Marshall did not meet his burden to demonstrate the existence of a severe impairment. Marshall relies on *Glanden v. Kijakazi*, which held that a claim may survive step two of the disability analysis even with a gap in the treatment record. 86 F.4th 838, 844-45 (9th Cir. 2023). But Marshall does not present a *gap* in the treatment record. Rather, he presents a near complete lack of any treatment record. Marshall's provides only a single checkbox form completed by a psychiatrist indicating treatment for bipolar disorder that postdated the relevant period by nearly four years. The kind of cumulative evidence that justified and counterbalanced the gap in *Glanden* – such as the claimant's inability to pay during the period at issue and an agency medical expert's corroboration of the claimant's symptoms – is absent here. *Id.* at 844-45. Because Marshall has failed to meet his burden of proof at step two, the ALJ's finding that no severe impairment existed during the relevant period is supported by substantial evidence.

**AFFIRMED.**